UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JAMIL PEREZ,<br>                Plaintiff,<br>v.<br>ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY,<br>                Defendant. | CASE NO. C23-0681-KKE<br><br>ORDER ON DEFENDANT'S PETITION FOR ATTORNEYS' FEES |

This matter comes before the Court on Defendant, Allstate Fire and Casualty Insurance Company's ("Allstate") petition for attorneys' fees under Federal Rule of Civil Procedure 37(a)(5). Dkt. No. 30. Plaintiff Perez filed an opposition. Dkt. No. 36. For the reasons provided below, the Court grants Allstate's petition.

## I. BACKGROUND

On January 12, 2024, this Court granted Allstate's motion to compel more complete responses to its interrogatories 7, 8, 11, 13, 16, 17, and 19. Dkt. No. 29. Following Federal Rule of Civil Procedure 37(a)(5), the Court allowed Allstate to request its "reasonable expenses incurred in making this motion, including attorneys' fees." *Id.* at 2. On January 19, 2024, Allstate filed its petition for attorneys' fees and supporting exhibits. Dkt. Nos. 30–31-3. Allstate requests $8,875.50 and provides contemporaneous timekeeping records and professional biographies for each attorney identified in the records. Dkt. Nos. 31-1–31-3.

ORDER ON DEFENDANT'S PETITION FOR ATTORNEYS' FEES - 1

This Court granted Perez an "opportunity to be heard," as required by Rule 37(a)(5)(A). Dkt. No. 32. Perez filed an opposition to Allstate's petition for fees asking that the petition be denied in full. Dkt. No. 36.

## II. ANALYSIS

### A. Legal Standard

When a motion to compel under Rule 37 is granted, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). Rule 37 notes the following three exceptions to an award of reasonable expenses: "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." *Id.*

To determine whether Allstate's request for attorneys' fees is reasonable, the Court performs a two-step analysis. First, the Court performs a lodestar analysis, which "multiplies an attorney's reasonable hourly rate by the number of hours reasonably expended on the litigation." *Shayler v. 1310 PCH, LLC*, 51 F.4th 1015, 1020 (9th Cir. 2022). Second, "the court determines whether to modify the lodestar figure, upward or downward, based on factors not subsumed in the lodestar figure." *Kelly v. Wengler*, 822 F.3d 1085, 1099 (9th Cir. 2016). These factors include:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

*Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 69–70 (9th Cir. 1975), *abrogated on other grounds by City of Burlington v. Dague*, 505 U.S. 557 (1992).

B.       **Allstate's Petition for Attorneys' Fees is Reasonable.**

Applying the lodestar method, the Court finds both the hourly rate and the hours spent on Allstate's motion to compel are reasonable.

"The reasonable hourly rate is determined by assessing the prevailing market rate in the relevant community." *Roberts v. City of Honolulu,* 938 F.3d 1020, 1024 (9th Cir. 2019) (cleaned up). In making its calculation, the court must consider the experience, skill, and reputation of the attorneys requesting fees. *Schwarz v. Sec'y of Health & Human Servs.*, 73 F.3d 895, 906 (9th Cir. 1995). "It is the responsibility of the attorney seeking fees to submit evidence to support the requested hourly rate." *Roberts*, 938 F.3d at 1024. The Court can also rely on its own knowledge and familiarity with the legal market in setting a reasonable hourly rate. *Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011). The hourly rates requested by Allstate of $545 for an attorney of fifteen years' experience, and $400 for an attorney of six years' experience are reasonable. *See Su v. United States Postal Serv.*, No. 3:23-CV-05007-RJB, 2024 WL 278961, at *4 (W.D. Wash. Jan. 25, 2024) (finding rate of $550 for 21 years' experience reasonable); *Rapp v. NaphCare Inc.*, 3:21-cv-05800-DGE, 2023 WL 6845524 at *6 (W.D. Wash. October 17, 2023) (finding hourly rate of $550 reasonable for a law firm partner); *Nwauzor v. GEO Grp., Inc.*, No. 3:17-cv-05769-RJB, 2021 WL 5907797, at *2 (W.D. Wash. Dec. 14, 2021) (finding $500–$625 to be reasonable hourly rates for senior trial attorneys).

"Ultimately, a reasonable number of hours equals the number of hours which could reasonably have been billed to a private client." *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013) (cleaned up). The two Allstate attorneys spent approximately 10 hours drafting the motion and accompanying documents, 1.2 hours analyzing Perez's responsive

documents, 6 hours drafting a reply, and 1.5 hours preparing and arguing the motion. Dkt. No. 31-1. The amount of time spent was reasonable. *See Hosseinzadeh v. Bellevue Park Homeowners Ass'n*, No. C18-1385-JCC, 2020 WL 7770242, at *3 (W.D. Wash. Dec. 30, 2020), *aff'd*, No. 21-35074, 2022 WL 522105 (9th Cir. Feb. 22, 2022) (finding 17.3 hours on a discovery motion reasonable).

Neither party argues that any of the *Kerr* factors warrant an upward or downward modification of the lodestar total of $8,875.50. The Court agrees, there is nothing exceptional about this case that warrants a departure from the lodestar method.

**C.    Each of Perez's Arguments to Deny Allstate's Petition Fail.**

In opposition, Perez argues that each of Rule 37(a)(5)(A)'s three exceptions to awarding reasonable fees applies here. The Court will address each argument in turn.

First, Perez argues Allstate never met and conferred in good faith on responses to interrogatories 8, 11, 16, and 17. Dkt. No. 36 at 2–4. Relying primarily on the email summary of the parties' October 9, 2023 discovery conference (Dkt. No. 19-3 at 2), Perez argues that counsel "never conferred" on any deficiencies in these responses such that they cannot form the basis for a fee award. Dkt. No. 36 at 3. Perez did not raise this argument in response to Allstate's motion to compel. *See* Dkt. No. 23 at 2 (acknowledging "Defendant communicated via email that Plaintiff's supplemental answers to interrogatories 1, 3-5, 7-8, 11, 13-14, 16-17, and 19 were still deficient"). Moreover, this argument ignores the months of correspondence attempting to procure adequate discovery responses from Perez, including to interrogatories 8, 11, 16, and 17. *See e.g.*, Dkt. No. 19-2 at 5. During this period, Perez repeatedly missed the parties' agreed upon deadlines for supplementation of her responses. Dkt. Nos. 19-1, 19-3. After numerous email exchanges and several iterations of supplemental answers, on November 7, 2023, counsel for Allstate emailed counsel for Perez stating: "As for Plaintiff's interrogatory answers, her 'answers' to Interrogatory

ORDER ON DEFENDANT'S PETITION FOR ATTORNEYS' FEES - 4

Nos. 1, 3-5, 7-8, 11, 13-14, 16-17, and 19 remain deficient. Allstate will be filing a motion to compel on these interrogatories." Dkt. No. 23-5 at 10. Allstate nonetheless waited an additional five weeks before filing its motion, giving Perez adequate time to address the identified defects in interrogatories 8, 11, 16, and 17, or at the very least claim that Allstate had not sufficiently conferred on those requests. Further, Allstate's complaint with each of these responses was that they were simply verbatim copies of the response to interrogatory 7, which Perez concedes was properly conferred upon. In sum, the parties sufficiently conferred on interrogatory responses 8, 11, 16 and 17 such that the first exception under Rule 37(a)(5)(A) does not apply.[1]

Second, Perez argues that each of the deficient responses was justified because Allstate had not provided the claim file at the time the responses were drafted and that the Court ordered her supplemental responses were due "21 days AFTER receiving the claim file." Dkt. No. 36 at 4. Again, Perez did not argue in her response to the motion to compel that she needed the claim file to properly answer the at-issue interrogatories. Dkt. No. 23. Perez did not even request the claim file until months after she was on notice of her deficient responses. Dkt. No. 23 at 5 (claim file was initially due January 2, 2024). Perez did not need the claim file to provide answers to interrogatories 8, 11, 16 and 17 seeking the factual basis for her IFCA and bad faith claims. Nor did she need the claim file to identify her claimed damages in response to interrogatories 7 and 19, or her travel details in response to interrogatory 13. That Perez may have needed to supplement some of her responses upon receipt of the claim file (Fed. R. Civ. P. 26(e)), does not change the

---

[1] Perez also argues that the fee award is unjust because interrogatories 8, 11, 16, and 17 formed the basis for over half of the Court's order. Dkt. No. 36 at 3 (citing Dkt. No. 29 which granted the motion to compel for interrogatories 7, 8, 11, 13, 16, 17, and 19). It is worth noting that Allstate also moved to compel answers to interrogatories 1, 3, 4, and 5. Dkt. No. 18. Perez served her fifth supplemental responses to those interrogatories on the same day she filed her opposition to Allstate's motion to compel. Dkt. No. 23-10. While Allstate withdrew the motion with respect to those requests as a result (Dkt. No. 26 at 1), Perez's belated supplementation (and the consequential winnowing of Allstate's requested relief) is not a basis on which to discount or deny Allstate's fee award.

ORDER ON DEFENDANT'S PETITION FOR ATTORNEYS' FEES - 5

Court's finding that her responses were facially deficient and not substantially justified. The second exception under Rule 37(a)(5)(A) does not apply.

Third, Perez argues the Court is required to independently determine whether the number of hours billed was reasonable. Dkt. No. 36 at 5–6. The Court's lodestar analysis addresses this argument. Further, Perez's concern about block billing is misplaced since the timekeeping records do not contain block billing. Dkt. No. 31-1. The third exception under Rule 37(a)(5)(A) does not apply.

### III.  CONCLUSION

For the reasons provided above, the Court GRANTS Allstate's petition for attorneys' fees and ORDERS counsel for Perez to pay Allstate $8,875.50 by March 14, 2024.

Dated this 26th day of February, 2024.

Kymberly K. Evanson
United States District Judge