UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JAMIL PEREZ,<br><br>     Plaintiff,<br><br> v.<br><br>ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY,<br><br>     Defendant. | CASE NO. C23-0681-KKE<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT |

Jamil Perez asks the Court to find, as a matter of law, that her past and future medical costs are reasonable and necessary and to dismiss three of Defendant Allstate Fire and Casualty Insurance Company's ("Allstate") affirmative defenses. Allstate does not oppose the reasonableness and necessity of a subset of Perez's treatments and agrees to dismissal of one affirmative defense. The Court grants the motion as to these unopposed arguments. However, the Court denies the remainder of Perez's motion because she fails to meet the high burden to show such factual determinations can be decided as a matter of law.

### I. BACKGROUND

This is a dispute for underinsured motorist ("UIM") coverage under an Allstate policy arising from an April 28, 2018 car accident. Dkt. No. 15. The only remaining cause of action is for UIM coverage, as all other claims have been dismissed with prejudice. Dkt. No. 42. A five-day bench trial is set to begin April 21, 2025. Dkt. No. 46. Perez moves for partial summary

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT - 1

judgment that her medical treatment since the accident was necessary and the costs were reasonable, and that the recommended future treatment costs are reasonable. Dkt. No. 47-9. Perez also moves to dismiss Allstate's fifth, tenth, and eleventh affirmative defenses. *Id.* In response, Allstate "stipulates that the $2,540.56 for medical bills incurred between the accident and July 11, 2018 were reasonable and necessary" and that affirmative defense five can be dismissed. Dkt. No. 52 at 17 n.12. Allstate opposes the remainder of Perez's motion. *Id.* The parties have completed briefing (Dkt. Nos. 52, 54), and neither requested oral argument. Accordingly, the matter is ripe for the Court's consideration.

## II. ANALYSIS

### A. Legal Standard for Summary Judgment

"Summary judgment is appropriate when, viewing the evidence in the light most favorable to the nonmoving party, there is no genuine dispute as to any material fact" and the moving party is entitled to judgment as a matter of law. *Zetwick v. Cnty. of Yolo*, 850 F.3d 436, 440 (9th Cir. 2017) (cleaned up). A party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). The burden then shifts to the party opposing summary judgment, who must affirmatively establish a genuine issue on the merits of the case. *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001). The Court does not resolve evidentiary conflicts or make credibility determinations in ruling on a motion for summary judgment. *Gonzalez v. City of Anaheim*, 747 F.3d 789, 795 (9th Cir. 2014) (citing *Long v. Johnson*, 736 F.3d 891, 896 (9th Cir. 2013)). Rather, such determinations are left to the province of the jury at trial. *See id.* at 795–97.

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT - 2

B.  **The Court Grants the Unopposed Relief.**

In response to Perez's motion, Allstate states: "Allstate does not oppose Plaintiff's motion as it relates to the medical care between April 28, 20[1]8 and July 11, 2018 and Affirmative Defense No. 5." Dkt. No. 52 at 2. Accordingly, the Court grants this limited relief.

C.  **Allstate Raises Genuine Issues of Material Fact Regarding the Reasonableness and Necessity of Perez's Medical Treatments.**

In addition to the necessity and reasonableness of Perez's medical costs from April 28, 2018 to July 11, 2018, Perez seeks an order finding that "the reasonableness of the costs charged by plaintiff's medical providers for her medical treatment since the date of the April 28, 2018 collision in this case is undisputed" and "the reasonableness of the estimated cost of plaintiff's recommended future treatment is undisputed." Dkt. No. 47-9 at 2. Perez's only argument to support this relief is that "Defendant did not identify any medical billing expert and did not disclose any opinion from a medical billing expert or any other expert regarding the reasonableness of the medical billing charges or estimated cost of recommended future care from plaintiff's providers in this case." Dkt. No. 47 at 6. In response, Allstate argues that issues regarding the reliability and credibility of Perez's expert opinions prohibit entry of summary judgment on the reasonableness and necessity of Perez's various treatments. Dkt. No. 52 at 18–23. In reply, Perez states "Defendant's response contains mere arguments and allegations, and as such lacking any expert opinion testimony to dispute Ms. Vega's opinions, fails to raise any genuine dispute sufficient to warrant a denial of plaintiff's motion for partial summary judgment on the issue of the reasonableness of the medical charges." Dkt. No. 56 at 3–4.

Courts in this district reject Perez's argument. *See, e.g., Bishop v. Brand Energy & Infrastructure Servs.,* No. C11-5267BHS, 2012 WL 1145092, at *1–2 (W.D. Wash. Apr. 5, 2012) (plaintiff's declarations that medical care was "reasonable and customary" insufficient for

plaintiff's summary judgment); *Whitford v. Mt. Baker Ski Area, Inc.,* No. C11-00112RSM, 2012 WL 895390, at *2 (W.D. Wash. Mar. 15, 2012) (same).  Because damages are questions of fact, to win on summary judgment Perez "must show that no reasonable jury could find that the amount of damages were unreasonable or unnecessary." *Whitford*, 2012 WL 895390, at *2 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)).  Perez provides medical bills and expert reports to support a finding that the medical costs are reasonable and necessary, but this "evidence does not shift the burden of persuasion on the issue of reasonableness from Plaintiffs, the moving party, to [] the nonmoving party." *Bishop*, 2012 WL 1145092, at *2.  And Allstate has raised genuine disputes with Perez's evidence.  Dkt. No. 52.  For example, Allstate argues Perez only started certain treatments two years after the accident (*id.* at 16), Perez's medical billing expert lacks experience with the treatments Perez received and her conclusions lack specificity (*id.* at 18), and estimated costs for the same surgery vary between Perez's experts (*id.* at 20).  Perez does not respond to these arguments or provide any authority that Allstate's argument must be in the form of a competing expert opinion.  Allstate properly challenges Perez's experts' credibility and opinions which is sufficient to survive summary judgment.  *See Whitford,* 2012 WL 895390, at *2 (denying partial summary judgment when "Defendant challenges Dr. Stadelmann's credibility and opinion, asserting that the massage therapy was neither prescribed nor medically necessary").  *C.f. Villarreal v. McCully*, No. 2:19-CV-00664-BJR, 2020 WL 1689734, at *3–4 (W.D. Wash. Apr. 7, 2020) (granting summary judgment on the reasonableness and necessity of medical treatment when defendant failed to provide "evidence, or even allegation, of another cause of Plaintiff's injuries").

Allstate raises genuine disputes of material fact regarding Perez's opposed past and future medical costs.  Perez's motion for summary judgment on damages is denied.

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT - 4

### D. Allstate's Tenth and Eleventh Affirmative Defenses Remain.

Perez also seeks to dismiss two of Allstate's affirmative defenses:

10. Plaintiff failed to comply with her obligations under the Policy, thereby precluding or limiting any recovery.

11. The Policy is void and Plaintiff's claims are barred to the extent Plaintiff engaged in fraud, misrepresentations, concealment, or other acts or omission.

Dkt. No. 16 at 7. Perez merely argues "Defendant has failed to produce any probative evidence" of either defense. Dkt. No. 47 at 10–11. Allstate responds that "Plaintiff's own statements and actions are inconsistent with her allegations about her claimed accident-related injuries and the impact they have had on her life" which, if proven at trial, would support either affirmative defense. Dkt. No. 52 at 23. Perez does not respond to this argument or otherwise refer to these affirmative defenses in its reply. Dkt. No. 56 at 3–4.

Allstate's evidence that the Policy prohibits fraudulent statements or conduct (Dkt. No. 53-11 at 7), and Perez's deposition testimony and discovery responses regarding the seriousness of her injuries and the impact on her life (Dkt. Nos. 53-6, 53-12) along with her social media pictures (Dkt. Nos. 53-13, 54-14), raise sufficient disputed issues of material fact as to the viability of either affirmative defense.

Perez's motion for summary judgment on the affirmative defenses is denied.

### E. Perez's Compliance with Court Rules.

Allstate raises several other issues with Perez's motion which the Court will briefly address.

First, Allstate is correct that the case schedule required that dispositive motions be filed by December 23, 2024 and that such motions "must be noted for consideration no later than 28 days after this date." Dkt. No. 46 at 2. Perez's motion should have been noted for January 21, 2025. The motion was noted for January 24, 2025. *See* Dkt. No. 47. If anything, this error allowed

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT - 5

Allstate extra time for its response, so the Court finds this error did not prejudice Allstate and takes no action based on this error.

Second, Allstate moves to strike the fact section of Perez's motion for failing to cite the record. Dkt. No. 52 at 2. The Court agrees that Perez's minimal citation to the record, without pin cites, is unhelpful, violates the local rules, and is poor advocacy, but finds the motion to strike is moot because, even considering the fact section, the Court denies the opposed portions of the motion.

Third, Allstate argues that Perez's expert reports (Dkt. Nos. 47-4, 47-6) and other evidence (Dkt. No. 47-7) are inadmissible. Dkt. No. 52 at 12–15, 17. The Court need not resolve these issues because Perez's motion fails even with the Court's consideration of this evidence.

### III.  CONCLUSION

Perez's motion for partial summary judgment is GRANTED IN PART and DENIED IN PART. Dkt. No. 47. Because Allstate does not oppose these sections of Perez's motion, the motion is granted as follows:

- Allstate's affirmative defense number five is dismissed with prejudice.
- Perez's medical care between April 28, 2018 and July 11, 2018 was necessary.
- The cost of Perez's medical treatment from April 28, 2018 to July 11, 2018 totaling $2,540.56 is reasonable.

The remaining relief sought by Perez is denied.

Allstate's motion to strike is DENIED as moot. Dkt. No. 52.

Dated this 24th day of February, 2025.

Kymberly K. Evanson
United States District Judge