UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JAMIL PEREZ,

          Plaintiff,

  v.

ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY,

          Defendant.

CASE NO. C23-0681-KKE

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO PARTIALLY EXCLUDE EXPERT OPINION

Defendant Allstate Fire and Casualty Insurance Company ("Allstate") moves to exclude portions of Plaintiff Jamil Perez's medical expert's report. Dkt. No. 48. The Court finds that Dr. David Badger can testify on the opinions included in his first and supplemental expert report but cannot testify about the permanency of Perez's injuries or symptoms because that opinion was only included in an untimely third report which is properly excluded. The motion to exclude is granted in part and denied in part.

I.   BACKGROUND

This is a dispute regarding uninsured motorist ("UIM") coverage. Perez was a passenger in a car accident on April 18, 2018, and seeks coverage for past and future medical expenses arising from this accident under an Allstate insurance policy. Dkt. No. 15. Perez intends to rely on the expert opinion of Dr. David Badger at trial. Dr. Badger's expert opinion is contained in two reports dated March 21, 2022 (Dkt. No. 49-4), and June 25, 2024 (Dkt. No. 49-5).

The March 2022 report summarizes Perez's medical treatment after the accident, her current symptoms, notes from the in-person examination, and states four diagnoses, with a treatment plan and estimated cumulative cost. Dkt. No. 49-4 at 2–5. Dr. Badger also states, "All diagnoses listed above are due to the motor vehicle accident of 04/28/2018 on a more probable than not basis." *Id.* at 4.

The June 2024 report is based on Dr. Badger's review of the October 2023 examination of Perez by Dr. Vincent Santoro (Allstate's expert), and a telehealth consultation with Perez. Dkt. No. 49-5 at 2. The June 2024 report reiterates Perez's medical treatments since the accident and Dr. Badger's prior diagnoses. *Id.* at 2, 4. Dr. Badger also reviews the conclusions of Dr. Santoro's report, interspersing his own analysis of Dr. Santoro's opinions throughout. *Id.* at 3. Dr. Badger also briefly summarizes his telehealth examination. *Id.* at 4. The June 2024 report ends with Dr. Badger discussing specific questions, including whether Perez's current symptoms relate to a preexisting condition, whether Perez suffered permanent injury, and whether and to what extent Perez will need future treatment. *Id.* at 4–6.

Dr. Badger was deposed on November 21, 2024. Dkt. No. 51-3.

Perez then attempted to deliver a third "report" to Allstate in the form of a letter attached to an email on November 22, 2024, but the email and attachments were not received by Allstate until January 14, 2025. Dkt. Nos. 51-6, 55-1.

Allstate moves to exclude portions of Dr. Badger's expert opinion. Dkt. No. 48. The parties have completed briefing (Dkt. Nos. 51, 54), and neither party requested oral argument. This matter is ripe for the Court's consideration.

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO PARTIALLY EXCLUDE EXPERT OPINION - 2

## II. ANALYSIS

**A.      Legal Standard for Motions to Exclude.**

Federal Rule of Evidence 702 allows a "witness who is qualified as an expert by knowledge, skill, experience, training, or education" to provide opinion testimony based on "scientific, technical, or other specialized knowledge" if that knowledge will help the fact finder to "understand the evidence or to determine a fact in issue." Fed. R. Evid. 702. Courts liberally construe Rule 702 in favor of admissibility. *See Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 588 (1993).

Put simply, Rule 702 requires expert testimony to be both relevant and reliable. *Hemmings v. Tidyman's Inc.*, 285 F.3d 1174, 1184 (9th Cir. 2002) ("Whether testimony is helpful within the meaning of Rule 702 is in essence a relevancy inquiry."); *Daubert*, 509 U.S. at 591 ("Expert testimony which does not relate to any issue in the case is not relevant and, ergo, non-helpful."); *see also* Fed. R. Evid. 403 (permitting exclusion of relevant evidence if its probative value is "substantially outweighed" by the danger of unfair prejudice, confusion of the issues, or misleading the jury, among other concerns).

In considering the reliability of an expert's testimony, the Court weighs whether (1) "the testimony is based on sufficient facts or data[,]" (2) the expert uses reliable principles and methods, and (3) the expert reliably applied the principles and methods to the instant facts. Fed. R. Evid. 702. The Supreme Court outlined a non-exhaustive list of factors for deciding the reliability of scientific testimony, but these factors are not applicable to non-scientific testimony, which heavily depends on an expert's experience and knowledge versus methodology. *Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1017–18 (9th Cir. 2004).

Last, the district court's gatekeeping role is diminished in the context of bench trials, because "Daubert is meant to protect juries from being swayed by dubious scientific testimony."

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO PARTIALLY EXCLUDE EXPERT OPINION - 3

*United States v. Flores*, 901 F.3d 1150, 1165 (9th Cir. 2018) (cleaned up). "When the district court sits as the finder of fact, there is less need for the gatekeeper to keep the gate when the gatekeeper is keeping the gate only for [her]self." *Id.* (cleaned up); *see also FTC v. BurnLounge, Inc.*, 753 F.3d 878, 888 (9th Cir. 2014) ("When we consider the admissibility of expert testimony, we are mindful that there is less danger that a trial court will be 'unduly impressed by the expert's testimony or opinion' in a bench trial.").

Allstate seeks to exclude multiple portions of Dr. Badger's opinion. The Court will address each argument in turn.

**B.  Dr. Badger May Testify About Perez's Headaches.**

Allstate avers that Dr. Badger's opinion diagnosing Perez with "[p]osttraumatic cervicogenic pain with headaches" (Dkt. No. 49-4 at 4) should be excluded because Dr. Badger is not qualified, and his opinions are not reliable or relevant. Dkt. No. 48 at 10–17.

In his deposition testimony, Dr. Badger identifies various examples in his career when he has diagnosed or been exposed to patients with cervicogenic headaches. *See* Dkt. No. 51-3 at 23–25. The evidence shows that Dr. Badger does not just "believe he can diagnose" cervicogenic headaches (Dkt. No. 48 at 11), but that he has done so in his practice. Dkt. No. 51-3 at 25 (saying he cannot recall sending anyone that he diagnosed with cervicogenic headaches for surgery, but that he would send "them out for treatment"). Allstate's arguments that Dr. Badger has not received specialized training or is unaware of certain diagnostic criteria are areas ripe for cross-examination, but Allstate has not shown that Dr. Badger is unqualified to diagnose cervicogenic headaches such that his testimony is inadmissible. *See United States v. Garcia*, 7 F.3d 885, 890 (9th Cir. 1993) (concluding expert witness's "lack of particularized expertise goes to the weight accorded to her testimony, not to the admissibility of her opinion as an expert").

As to reliability, Allstate argues that Dr. Badger "[i]mpermissibly [a]dopts Dr. Lagbas's [o]pinons." Dkt. No. 54 at 3. But the record does not support that Dr. Badger merely adopted another doctor's diagnosis. In his deposition testimony, Dr. Badger states

> Yeah, I said that she had tenderness along the perispinal muscles, extending up near the suboccipit. That would be an area that would cause cervigogenic headaches. And so my exam kind of matched his, where he had been treating her with those injections.

Dkt. No. 51-3 at 55. Allstate also points to conflicting evidence to undermine Dr. Badger's diagnosis, which is proper for cross-examination but does not make Dr. Badger's testimony inadmissible. *See Daubert*, 509 U.S. at 596 ("Vigorous cross examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence.").

Lastly, Allstate argues Dr. Badger "provides no information about how he reached [this diagnoses] or what information he relied upon to determine that she had an impaction injury to her greater occipital nerve at the base of her skull." Dkt. No. 48 at 13. But Dr. Badger can "expand or explain information contained in his [] report during oral testimony." *Romero v. Garland*, No. 319CV02138JAHBGS, 2024 WL 1099300, at *13 (S.D. Cal. Mar. 13, 2024) (quoting *Hambrook v. Smith*, 2016 WL 4084110, at *3 (D. Haw. Aug. 1, 2016)). Thus, while any new opinions would be improper, Dr. Badger may connect his diagnoses with the facts and assessments provided in his report.

Allstate's motion to exclude Dr. Badger's opinion on Perez's headaches is denied.

C.     **Dr. Badger May Testify About Perez's Shoulder.**

Allstate argues Dr. Badger's opinion on Perez's shoulder pain and diagnosis of a right rotator cuff tear should be excluded because it lacks corroborating evidence. Dkt. No. 48 at 17. Like Allstate's argument about the reliability of Dr. Badger's opinion on Perez's headaches, the

lack of shoulder imaging, other doctors' corroboration, or fulsome explanation connecting the injury and accident is appropriate for cross-examination, but does not go to admissibility. *See Daubert*, 509 U.S. at 596.

Allstate's motion to exclude Dr. Badger's opinion on Perez's shoulder is denied.

**D.     Dr. Badger May Testify About Perez's Pre-Existing Conditions.**

Next, Allstate asserts Dr. Badger cannot opine on Perez's past medical conditions because he did not review any medical records from before the 2018 accident. Dkt. No. 48 at 18–19. But Dr. Badger's report includes a section entitled "Past Medical History" (Dkt. No. 49-4 at 3) indicating he obtained some information regarding Perez's past medical conditions and history. There is some basis for Dr. Badger's opinion. Whether more reliable or conflicting evidence on any pre-existing conditions exists is appropriate for cross-examination or Allstate's case-in-chief.

Allstate's motion to exclude Dr. Badger's opinion on Perez's lack of preexisting conditions is denied.

**E.     The Court Limits Dr. Badger's Testimony on the Permanency of Perez's Injuries.**

Dr. Badger's March 2022 report does not state any opinions regarding the permanency of Perez's injuries or pain. Dkt. No. 49-4. The July 2024 report states Perez "has not undergone sufficient treatment to determine whether she has permanent injury." Dkt. No. 49-5 at 4. Dr. Badger's deposition testimony reiterates this opinion. Dkt. No. 51-3 at 116 ("It's just that if I'm offering treatment as a recommendation, then I can't say she has any permanent injuries."). But during Dr. Badger's deposition, Perez's counsel attempted to obtain testimony about her ongoing pain and symptoms. *Id.* at 131–32 (Perez's counsel asks: "As far as even with treatment, her condition of improving, on a more probable than not basis, is the prognosis that she may have some symptoms related from her accident-related injuries for the remainder of her life?").

Perez then attempted to submit an untimely third expert report in the form of a November 22, 2024 letter stating

> However, even if she were to undergo some or all of the recommended treatments she will still have some degree of residual symptoms and limitations from her collision related injuries for the remainder of her life. This is on a more probable than not basis, to a reasonable degree of medical certainty.

Dkt. No. 51-6 at 2. Both of Perez's efforts to add a new opinion about the permanency of Perez's injuries to Dr. Badger's report fail.

First, the deposition testimony goes beyond, and conflicts, with Dr. Badger's expert report. Dr. Badger's only properly disclosed opinion on the permanency of Perez's injuries is that he could not opine on the topic. Dkt. No. 49-5 at 4. "[A]n expert cannot salvage a deficient report by supplementing it with later deposition testimony." *Avery v. City of Seattle*, No. 2:22-CV-00560-LK, 2024 WL 2959541, at *6 (W.D. Wash. June 12, 2024) (citing *Ciomber v. Coop. Plus, Inc.*, 527 F.3d 635, 642 (7th Cir. 2008)).

Second, the November 2024 letter is untimely, whether sent on November 22, 2024 or January 14, 2025. The deadline to disclose expert reports was July 8, 2024. Dkt. No. 35. Perez's argument that the November 2024 letter was timely because it was delivered on the deadline to complete fact discovery improperly ignores the July 2024 deadline for expert reports. *See* Dkt. No. 51 at 12. Perez does not provide any reason why this untimely disclosure should be accepted. *Id.*; *see City of Seattle v. Monsanto Co.*, No. C16-107-RAJ-MLP, 2023 WL 7046271, at *8 (W.D. Wash. Oct. 26, 2023) (standard for late supplemental expert reports). Accordingly, the November 2024 letter is not a properly disclosed expert report and Dr. Badger cannot testify to any opinions contained therein.

Dr. Badger can only testify about his opinions on the permanency of Perez's injuries that were disclosed in the March and June 2024 reports.

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO PARTIALLY EXCLUDE EXPERT OPINION - 7

**F.      Dr. Badger May Testify Regarding His Opinion on Perez's Future Treatment.**

Lastly, Allstate argues that Dr. Badger's opinions on Perez's future treatment are too speculative. Dkt. No. 48 at 21–22. Allstate points to the lack of imaging, the factors that could impact future treatment, and various other reasons this opinion is uncertain. Again, these topics are appropriate for cross-examination and/or rebuttal testimony but do not warrant exclusion.

Allstate's motion to exclude Dr. Badger's testimony on future treatment is denied.

### III.   CONCLUSION

Allstate's motion to exclude portions of Dr. Badger's testimony is GRANTED IN PART and DENIED IN PART. Dkt. No. 48.

Dr. Badger can only testify about his opinions on the permanency of Perez's injuries that were disclosed in the March and June 2024 reports; any opinion outside those bounds is excluded. The remainder of Allstate's arguments are denied.

Dated this 25th day of February, 2025.

Kymberly K. Evanson
United States District Judge